UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANASTASIA C. WLADYSIAK,

                Plaintiff,        Civil Action No. 16-12961
                                     Honorable Laurie J. Michelson
                                     Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) [29]**

**I.     REPORT**

    **A.     Procedural History**

On August 15, 2016, Plaintiff Anastasia Wladysiak ("Plaintiff") filed suit against the Commissioner of Social Security ("Commissioner"), challenging the Commissioner's final decision denying her application for Disability Insurance Benefits. (Doc. #1). On June 30, 2017, this Court issued a Report and Recommendation ("R&R"), recommending that the case be remanded to the ALJ for further evaluation. (Doc. #23). The R&R was adopted by the Honorable Laurie J. Michelson on July 17, 2017. (Doc. #24). On August 16, 2017, Plaintiff's attorneys, the Law Office of Charles E. Binder and Harry J. Binder, LLP ("Binder Law"), filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. #26). On September 29, 2017, Judge Michelson granted Binder Law's motion and awarded $6,500.00 in attorney's fees pursuant to the EAJA. (Doc. #27).

Plaintiff subsequently prevailed on remand, and the Commissioner's Office of Central Operations issued a Notice of Award, dated September 4, 2018, awarding Plaintiff $135,608.00

in past-due benefits. (Doc. #30 at Ex. C). On September 18, 2018, Binder Law filed the instant motion indicating that, pursuant to the terms of both 42 U.S.C. § 406(b) and the applicable fee agreement, it is entitled to attorney's fees in the amount of 25% of Plaintiff's past-due benefits ($33,902.00). (Doc. #29). Binder Law further indicates that upon payment of the § 406(b) fees, it will refund the EAJA fee amount of $6,500.00[1] directly to Plaintiff. (Doc. #30 at 3). In its motion, Binder Law asserts that it obtained a favorable decision for its client and is therefore entitled to a reasonable fee for its work in accordance with the applicable fee agreement, and pursuant to 42 U.S.C. § 406(b). (Doc. #30-2). Neither the Commissioner nor Plaintiff filed any objection or other response to Binder Law's motion.

**B.      Analysis**

42 U.S.C. § 406(b) authorizes the Court to award attorney's fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney's fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). In the event the attorney has already received an EAJA award and subsequently seeks an award under § 406(b), the attorney must return the smaller of the two awards to the plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

Binder Law is now requesting $33,902.00 in attorney fees, which represents 25% of the past due benefits awarded to Plaintiff ($135,608.00). (Doc. #30). Binder Law has submitted fee agreements, signed by its representatives and Plaintiff, in which Plaintiff specifically

---

[1] In its motion, Binder Law actually states that, upon receipt of the § 406(b) fees, it "will remit the previously awarded [EAJA fee] of $11,150.00 directly to Plaintiff." (Doc. #30 at 3). The Court assumes that this figure is a typo, since Judge Michelson awarded only $6,500.00 in EAJA fees. (Doc. #27).

acknowledged that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of her past due benefits. (Doc. #30 at Ex. A).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id*. (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that Binder Law behaved improperly in any way or was ineffective. To the contrary, Binder Law achieved a successful result for Plaintiff. Nor does it appear that awarding the total fee requested would amount to a windfall. Binder Law has submitted a full log of its attorneys' activities on Plaintiff's behalf, which shows a total of 64.6 hours spent on the case. (Doc. #30 at Ex. B). Given that the total award requested is $33,902.00, the effective hourly rate would be approximately $524.80. Awards resulting in higher hourly

3

rates than this have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for § 406(b) fees); *Parish v. Comm'r of Soc. Sec.*, 2017 WL 3084371, at *3 (E.D. Mich. July 20, 2017) (finding an effective rate of nearly $900 per hour appropriate for § 406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner has not objected to the requested fee award or challenged it in any respect.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Binder Law's motion for attorney fees under 42 U.S.C. § 406(b) **(Doc. #30)** be **GRANTED** and that attorney's fees be awarded to that firm in the amount of $33,902.00, provided that the firm refund the amount previously awarded under the EAJA ($6,500.00) to Plaintiff.

Dated: October 17, 2018                                s/ David R. Grand
                                                       DAVID R. GRAND
                                                       UNITED STATES MAGISTRATE JUDGE

## REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

*Note these additional requirements at the direction of Judge Michelson:*

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
