UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANASTASIA C. WLADYSIAK,

    Plaintiff,

v.

CAROLYN W. COLVIN,

    Defendant.

Case No. 16-cv-12961
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**ORDER REGARDING REPORT AND RECOMMENDATION [33] AND GRANTING MOTION FOR ATTORNEY'S FEES [29]**

Previously, counsel for Plaintiff Anastasia Wladysiak received attorney fees under the Equal Access to Justice Act ($4,650 in a 2011 case and $6,500 in this lawsuit). Following remand to the Commissioner of Social Security, Wladysiak was awarded benefits. Counsel for Wladysiak now asks this Court to grant it 25% of that award, i.e., $33,902.00. If awarded that amount, counsel will return the $11,150 in EAJA fees. Counsel's motion for $33,902.00 was referred to Magistrate Judge David R. Grand for a Report and Recommendation.

Magistrate Judge Grand recommends granting the motion. (R. 33.) And, at the conclusion of his October 17, 2018 Report and Recommendation, he notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 33, PID 1715.)

It is now November 5, 2018 and the only filing that might be construed as an objection comes from Wladysiak (or, perhaps, her counsel). The filing explains,

> While counsel has no objection to the R&R recommending an award of fees in the amount of $33,902.00, counsel respectfully requests that the final Order of the

> Court indicate that counsel must refund Plaintiff $11,150.00 in fees previously awarded under the Equal Access to Justice Act ("EAJA") upon receipt of this sum. As the R&R correctly notes, counsel was awarded EAJA fees in the amount of $6,500.00 for litigating this claim before the Court in 2016 and 2017. However counsel was also previously awarded EAJA fees in the amount of $4,650.00 for an earlier civil action involving this same case that was filed in 2011. Therefore, counsel was awarded EAJA fees totaling $11,150.00 in connection with litigation of Plaintiff's claim in the 2011 action and the 2016 action. The entirety of all fees awarded under the EAJA must be refunded to Plaintiff.

(R. 34, PageID.1718.)

Aside from the correction of $6,500 to $11,150, there are no other filings that might be construed as an objection. So except for this one issue, the Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition along with the correction identified by Wladysiak's filing. It follows that this Court GRANTS the motion for attorney fees (R. 29). Wladysiak's counsel is entitled to $33,902.00 from Wladysiak's award from the Social Security

Administration but Wladysiak's counsel must pay Wladysiak the $11,150 previously received under the EAJA.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: November 5, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, November 5, 2018, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager